UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

QUICK CASH, INC., Case No. 15-11800-j11

Debtor.

**CONSUMER CLAIMANTS' COMMITTEE'S MOTION TO APPLY FED. R. BANKR. P 7023 TO THE CLAIMS ALLOWANCE AND DISALLOWANCE PROCESS AND TO IMPLEMENT A SCHEDULE FOR CERTIFYING CLASS CLAIMS**

The official Consumer Claimants' Committee of the Quick Cash, Inc. bankruptcy estate (the "**Committee**"), by counsel, pursuant to 11 U.S.C. §§ 105(a), and other applicable law, if any, moves the Court to apply Fed. R. Bankr. P. 7023 to the claims allowance and disallowance process and to implement a schedule for certifying class claims, and in support thereof states:

## BACKGROUND

1. On July 6, 2015 (the "**Petition Date**"), Quick Cash, Inc. (the "**Debtor**") commenced this bankruptcy case by filing a voluntary petition for relief under chapter 11 of the Bankruptcy Code. Pursuant to Bankruptcy Code §§107(a) and 1108, Debtor has retained possession of its assets, as Debtor in Possession.

2. On September 23, 2015 this Court entered an Order Extending Claims Bar Date (Doc. No. 45), which extended the bar date for filing proofs of claim in this bankruptcy case through until December 23, 2015.

3. On October 2, 2015 the Court entered a *Scheduling Order Resulting from Preliminary Hearing on Emergency Motion to Enforce Settlement Agreement and Request for Hearing*, (Doc. No. 52) which, *inter alia*, set a deadline of October 9, 2015, to file any motions requesting special noticing procedures, or any special class procedures.

4. The Committee and the Debtor are engaged in discovery and have agreed to an extension of the deadlines to submit motions requesting special noticing and claims procedures, other than an extension of the deadline to request application of Fed. R. Bankr. P. 7023 to the claims allowance and disallowance process.

5. As a result, this Motion is not intended to be a comprehensive statement of the Committee's requested claims and noticing procedures, but only reflects one component thereof: the request by the Committee for the Court to apply Fed. R. Bankr. P. 7023 to the claims allowance and disallowance process.

6. The Committee intends to request additional claims and noticing procedures by separate motion in accordance with the briefing schedule agreed by the Committee and the Debtor.

**CLASS CLAIMS PROCEDURES**

Based on the fact that there are at least six thousand identified Consumer Claimants thus far, and are likely a very large number of as-yet-unidentified Consumer Claimants, the Committee moves the Court to establish class claims procedures. There is potential in this case to have thousands of proofs of claim, many of which are likely, based on the disadvantaged and unsophisticated nature of the Consumer Claimants, to be filled out incorrectly or incompletely. Additionally, as is frequently done in mass tort cases, the Committee believes that a customized proof of claim form specific to the Consumer Claimants would be of significant benefit in assisting Consumer Claimants in filing clear, coherent proofs of claim which can be analyzed and administered effectively and efficiently.

The Committee requests that this Court apply Fed. R. Bankr. P. 7023 to the claims allowance and disallowance process to permit the filing of class claims. In 1994, the United States District Court for the District of Colorado, addressed the issue of whether class proofs of

claim were permitted in bankruptcy, on appeal. *Jones v. Amdura Corp. (In re Amdura Corp.)*, 170 B.R. 445 (D. Colo. 1994). In *Amdura*, The bankruptcy court had determined that class claims could not be permitted in bankruptcy on the basis of the Tenth Circuit's decision in *Sheftelman v. Standard Metals Corp.*, 817 F.2d 625, (10th Cir. 1987) (hereinafter, "**Standard Metals I**"). *Id.* at 446-7. However, the Tenth Circuit's statement upon rehearing in Standard Metals II that "[i]n view of the disposition of this appeal it is not necessary to consider the class action claims issue" indicates that any discussion of class claims in *Standard Metals I* is dictum. *Id.* (quoting *Sheftelman v. Standard Metals Corp.*, 839 F.2d 1383, 1387 (10th Cir. 1987) *cert. dismissed* 477 U.S. 811, 109 S.Ct. 201 (1988) (hereinafter, "**Standard Metals II**")). *See also Certified Class in Charter Securities Litigation v. Charter Co. (In re The Charter Co.)*, 876 F.2d 866, 869 n. 4, (11th Cir. 1989) *cert. dismissed* 496 U.S. 944, 110 S.Ct. 3232 (1990) (stating that the discussion of class proofs of claim in *Standard Metals I* may be dictum). The *Amdura* court found that since the Tenth Circuit's discussion of class proofs of claim in *Standard Metals I* was not necessary to the decision of the case, it was dictum, and therefore "not binding as authority within the stare decisis rule…even on courts inferior to that from which it emanated." *Amdura*, 170 B.R. at 448 (citing *McDaniel v. Sanchez,* 452 U.S. 130, 141 (1981); *United States v. 5.935 Acres of Land, Tax Map Key (3)2-8-017-43, Honomu*, 752 F. Supp. 359, 632 (D. Hawaii 1990)).

After rejecting the Tenth Circuit's commentary on class claims as not controlling, the *Amdura* Court went on to find that bankruptcy courts have discretion to invoke Fed. R. Bankr. P. 7023 and thereby invoke the class action rule at any stage of a contested matter, including the claims allowance and disallowance process, via Fed. R. Bankr. P. 9014(c). *Amdura*, 170 B.R. at 448-449. This is in accordance with the majority view of courts nationwide. *See In re Adam Aircraft Industries Inc.*, 2009 WL 2100929 at * 5-7 (D. Colo. 2009) (collecting and summarizing

cases). *See, e.g. In re American Reserve Corp.*, 840 F.2d 487, 492-494 (7th Cir. 1988) (Easterbrook, J.). As the Fourth Circuit has said, the view that class claims cannot be filed in bankruptcy "is unduly cramped and unsuited for application by a court in equity, seeking, by application of the Bankruptcy Rules, to accomplish the purposes of the Bankruptcy Act. The Bankruptcy Rules are tools, which include Rule 7023 and derivatively Civil Rule 23, by which the bankruptcy court as a court of equity is to accomplish the Act's purposes." *Gentry v. Siegel*, 668 F.3d 83, 89 (4th Cir. 2012) (citations omitted).

In addition to the District of Colorado, and the Fourth and Seventh Circuits, the Second Circuit, Sixth Circuit, Ninth Circuit, Eleventh Circuit, and the First Circuit Bankruptcy Appellate Panel, as well as numerous lower courts have all found that class claims are permitted in bankruptcy cases. *See In re Dynegy, Inc.*, 770 F.3d 1064, 1069-70 (2nd Cir. 2014); *Reid v. White Motor Corp.*, 886 F.2d 1462, 1469 (6th Cir. 1989); *In re Birting Fisheries Inc.*, 92 F.3d 939 (9th Cir. 1996); *In re The Charter Co.*, 876, F.2d 866 (11th Cir. 1989); *In re Trebol Motors Distribution Corp., 220 B.R. 500, 502 (BAP 1st Cir. 1998); In re Kaiser Group Intern. Inc.*, 278 B.R. 58, 62 (Bankr. D. Del. 2002) (collecting cases). The Eleventh Circuit, in determining whether to permit class claims, found that legislative history "evinces a congressional intent to open bankruptcy proceedings to the widest range of possible 'players.'" *Charter*, 876, F.2d at 870 (11th Cir. 1989). That is precisely the goal furthered by permitting class claims. "Because claims may be contingent or of uncertain value, potential claimants may not realize that they can recover, unless the efforts of a representative make them aware…[l]ikewise, the effort and cost of investigating and initiating a claim may be greater than many claimants' individual stake in the outcome, discouraging the prosecution of these claims absent a class action filing procedure." *Id.* at 871 (citing *American Reserve*, 840 F.2d at 489).

The Committee believes that the majority view, permitting application of Fed. R. Bankr. P. 7023 to filing proofs of claim is correct. Fed. R. Bankr. P. 9014 permits Fed. R. Bankr. P. 7023 to be applied to "any stage" in a contested matter. Fed. R. Bankr. P. 9014(b). As Judge Easterbrook stated, "[f]iling a proof of claim is a 'stage.'" *American Reserve*, 840 F.2d at 488. The dictum regarding class claims in the *Standard Metals I* decision focuses on whether the filer of such a claim would be an "authorized agent" under Fed. R. Bankr. P. 3001(b) and 11 U.S.C. § 501. *See Standard Metals I*, 817 F.2d at 631. However, as Judge Easterbrook explained "Section 501 does not interfere with filing by agents. The representative in a class action is an agent for the missing." *American Reserve*, 840 F.2d at 493. The Committee believes that Judge Easterbrook is correct. If a class is certified and Fed. R. Bankr. P. 7023 is applied to the claims administration process, a class representative has sufficient authority to sign a proof of claim on behalf of all members of such class. *American Reserve*, 840 F.2d at 493. Should there be any doubt regarding the authority of a class representative to do so, this Court could provide such authority to class representatives under its 11 U.S.C. § 105(a) powers.

In this case, since the Debtor filed bankruptcy before the United States District Court for the District of New Mexico could rule on class certification in *Tullie et al. v. Quick Cash Inc.*, Case No. 1-14-CV-00491 (the "**Tullie Case**"), no class has yet been certified under Fed. R. Civ. P. 23. In the Tullie Case, the to-be-certified class includes persons who, within four years of the filing of the complaint, were charged a $25 "application fee" which was not disclosed as a finance charge, and/or who did not receive disclosure of the date and frequency of payments. *See Plaintiff's Brief in Support of Motion for Class Certification*, Tullie Case, Doc. No. 67, p. 2. In addition to the to-be-certified-class in the *Tullie* case, the Committee believes that there are additional potential classes of Consumer Claimants, including:

a. Claims based on unlawful repossessions by the Debtor, under both New Mexico and tribal law;

b. Claims based on loan splitting and multiple refinancing issues; and

c. Claims based on unlawful withholding of important original documents, including social security cards and vehicle titles.

Thus, the Committee proposes that the Court enter an order (1) applying Fed. R. Bankr. P. 7023 to the claims filing process, (2) setting a deadline by which class certification must be requested, (3) setting a date for the final hearing on class certification for any classes requesting certification (the "**Certification Hearing**"), including witness and exhibit list deadlines, (4) setting a date by which any classes certified as a result of the Certification Hearing must file a class proof of claim, and (5) ordering that the representative of any class which becomes certified shall have authority under Fed. R. Bankr. P. 3001(b) to file a class proof of claim as an agent for such class.

The Committee believes that given the socio-economically disadvantaged nature of the Consumer Claimants, the majority of whom are Navajos, the proposed procedures are necessary to protect the rights of the Consumer Claimants. The Committee believes that in the event the Consumer Claimants are treated as sophisticated parties, and required to file individual proofs of claim, that a great number of the Consumer Claimants will fail to realize they have a claim against the Debtor for violating their legal rights, or fail to understand how the bankruptcy system works, and not file proofs of claim at all. This is particularly likely given the very large number of potential Consumer Claimants. On the other hand, the Committee believes that the proposed procedures go a long way towards ensuring that the rights of the majority of Consumer Claimants are protected.

WHEREFORE the Trustee requests that the Court enter an Order (1) applying Fed. R. Bankr. P. 7023 to the claims filing process, (2) setting a deadline by which class certification

must be requested, (3) setting a date for the final hearing on class certification for any classes requesting certification (the "**Certification Hearing**"), including witness and exhibit list deadlines, (4) setting a date by which any classes certified as a result of the Certification Hearing must file a class proof of claim, and (5) ordering that the representative of any class which becomes certified shall have authority under Fed. R. Bankr. P. 3001(b) to file a class proof of claim as an agent for such class.

Respectfully submitted,

ASKEW & MAZEL, LLC

By: */s/filed electronically*

Edward A. Mazel
Daniel A. White
320 Gold Ave. Ste. SW
Albuquerque, New Mexico 87102
(505) 433.3097 (phone)
(505) 717.1494 (fax)
edmazel@askewmazelfirm.com
dwhite@askewmazelfirm.com
*Proposed Attorneys for the Consumer Claimants' Committee*

This certifies that on October 9, 2015 a copy of the foregoing pleading was served by the Bankruptcy Court's electronic filing system on all parties who have entered an appearance in this case.

*s/ filed electronically*
Daniel A. White