# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF NEW MEXICO

In re:  QUICK CASH, INC.,                                               No. 11-15-11800 JA
        a New Mexico corporation,

Debtor.

## MEMORANDUM OPINION AND ORDER ON MOTIONS TO APPLY FED. R. BANKR. P. 7023 TO THE CLAIMS ALLOWANCE AND DISALLOWANCE PROCESS

THIS MATTER is before the Court on the following motions:  1) Plaintiff Caroline Tullie's Motion to Allow Class Proofs of Claim, to Apply Fed. R. Bankr.P. 7023 to the Claims Allowance and Disallowance Procedure and to Implement a Schedule for Certifying Class Claims ("Tullie Motion" – *See* Docket No. 57); and 2) Consumer Claimants' Committee's Motion to Apply Fed. R. Bankr.P. 7023 to the Claims Allowance and Disallowance Process and to Implement a Schedule for Certifying Class Claims ("CCC Motion" – Docket No. 55) (together, the "Motions").  The Debtor, Quick Cash, Inc. ("Quick Cash"), and its secured lender, Superior Fabrication, Inc. ("SFI"), objected to the Motions.  *See* Docket Nos. 59, 60, 61, 62, and 65.  The Court heard oral argument on the Motions on October 27, 2015, and took the Motions under advisement.[1]

Having considered the parties' arguments in light of the relevant case law, applicable Bankruptcy Code sections, and Bankruptcy Rules, and being otherwise sufficiently informed, the Court concludes that although class proofs of claim are permissible, additional evidence must be presented before the Court can determine, in its discretion, whether to apply Bankruptcy Rule

---

[1] The Court allowed the Unsecured Creditors' Committee to argue at the final hearing despite not having filed a response or objection to the Motions.  Upon the request of counsel for the Consumer Claimants' Committee, the Court permitted the Consumer Claimants' Committee to file a supplemental brief in response to the Unsecured Creditor Committee's arguments made in open court.  The Consumer Claimants' Committee declined to file a supplemental brief.

7023 to allow Ms. Tullie to file a class proof of claim in this bankruptcy case on behalf of similarly situated consumer creditors.

BACKGROUND AND PROCEDURAL HISTORY

Quick Cash filed a voluntary petition under Chapter 11 of the Bankruptcy Code on July 6, 2015. On July 29, 2015 the United States Trustee appointed an official Committee of Unsecured Creditors (the "UCC"). *See* Docket No. 24. The United States Trustee appointed a Consumer Creditors Committee ("CCC") on August 11, 2015. *See* Docket No. 38. Ms. Tullie is a member of the CCC.

On May 14, 2014, a little over a year before Quick Cash filed its bankruptcy case, Caroline Tullie, on her own behalf as next friend of Nelson Tullie, and on behalf of all others similarly situated, filed a Class Action Complaint for Damages against Quick Cash in the United States District Court for the District of New Mexico as Case No. 1:14-cv-00491-SMV-SCY (the "Class Action Suit"). In the Class Action Suit, Ms. Tullie asserted claims against Quick Cash for alleged violations of the federal Truth in Lending Act ("TILA") and the New Mexico Unfair Trade Practices Act ("UPA"). Such claims are based on Ms. Tullie's assertion that Quick Cash charged a $25.00 "application fee" to persons who borrowed money from Quick Cash, but failed to include or disclose that fee as part of the finance charge reported in its loan documents and/or failed to disclose to borrowers sufficient information about loan payment schedules. Ms. Tullie alleged in the Class Action Suit that there are more than 4,700 similarly situated persons in the putative class.

Ms. Tullie removed the Class Action Suit to this Court on August 5, 2015, thereby initiating Adversary Proceeding No. 15-1063 J. Prior to removal, the class certification was ripe for a decision. The parties had briefed the issue of class certification and submitted evidence, but

no decision on class certification had been made. At a status conference in the Adversary Proceeding held on August 10, 2015 counsel for Ms. Tullie and counsel for Quick Cash represented to the Court that the parties had reached a tentative settlement of the Class Action Suit contingent upon certification of the class. When Quick Cash failed to approve a stipulated class certification order and indicated through counsel that it did not intend to go through with the tentative settlement, Ms. Tullie filed a motion in the Adversary Proceeding seeking to enforce the settlement. *See* Emergency Motion to Enforce Settlement Agreement and Request for Hearing ("Motion to Enforce Settlement"), Adversary Proceeding No. 15-1063 J – Docket No. 6. The Court denied the Motion to Enforce Settlement without prejudice based on procedural defects. *See* Order Denying Emergency Motion to Enforce Settlement Agreement, Adversary Proceeding No. 15-1063 J – Docket No. 15.

In the bankruptcy case, on July 9, 2015, three days after filing its voluntary Chapter 11 petition, Quick Cash filed an *ex parte* motion to set the last day for filing proofs of claim. *See* Debtor's *Ex Parte* Motion to Establish Bar Date for Filing Proofs of Claims [sic.] ("Claims Bar Date Motion") – Docket No. 14. The Claims Bar Date Motion did not disclose the Class Action Suit or seek guidance from the Court whether any special procedures should be implemented for giving notice of the claims bar date to the putative class members. The Court entered an Order Fixing Time for Filing Proofs of Claim and Interests, in a form typically entered in Chapter 11 cases in this district where fixing a claims bar date is a routine matter. The order fixed a general claims bar date of sixty days after the date of service of notice of general claims bar date. *See* Docket No. 17. On July 27, 2015, Quick Cash sent a notice with a stated general claims bar date of September 23, 2015 for filing proofs of claim. *See* Notice of Deadline for Filing Proofs of Claim and Interests Notice of Disputed, Contingent, or Unliquidated Claim ("Claims Bar Date

Notice") – Docket No. 22. Quick Cash sent the Claims Bar Date Notice to all creditors and parties in interest listed on the mailing matrix for Quick Cash's bankruptcy case (over 7,200 recipients), which included members of the putative class.

As of September 22, 2015, only thirty-six proofs of claim were filed in Quick Cash's bankruptcy case. *See* Claims Register. Of those, not more than seven appear to have been filed by putative class members. *See,* Claim Nos. 17-1, 23-1, 24-1, 33,-1, 34-1, 35-1 and 36-1. A few proofs of claim assert claims based on Quick Cash's alleged wrongful repossession of the claimant's vehicle. *See, e.g.,* Claim No. 31-1.

On September 22, 2015, the CCC filed a motion requesting the Court to extend the claims bar date to consumer claimants, consisting of the more than six thousand persons with potential claims against Quick Cash for alleged violation of TILA that Quick Cash identified in its Schedule F (who received the Claims Bar Date Notice), plus potential thousands of other unknown consumer claimants who did not receive notice of the September 23, 2015 general claims bar date. *See* Consumer Claimants' Committee's Motion (I) to Stay, or in the Alternative, Extend, the Claims Bar Date as to Consumer Claimants and (II) for an Order Establishing Claim Procedures for Consumer Claims ("Motion to Extend Claims Bar Date") – Docket No. 44. Following a hearing on the Motion to Extend Claims Bar Date, the Court entered an Order Extending Claims Bar Date which extended the deadline for filing proofs of claim to December 23, 2015. *See* Docket No. 45. The Court found that the Claims Bar Date Notice provided insufficient notice to potential consumer claimants. *Id.* A hearing on the establishment of special procedures or special forms of notice of the deadline for filing proofs of claim is scheduled for November 12, 2015.

Quick Cash operates its business in Gallup, New Mexico, including retail sales of furniture and merchandise, an auto tire and repair facility, and a consumer loan business. *See* Docket No. 3. One of Quick Cash's principal assets is its portfolio of consumer loan accounts receivable. *Id.* Quick Cash's income derives in part from payments under those consumer loans. SFI asserts a security interest in essentially all of Quick Cash's assets. *See* Claim No. 26-1. At the hearing on the Motions, SFI asserted that Quick Cash's bankruptcy estate is administratively insolvent. There is no evidence currently before the Court with respect to Quick Cash's prospects for reorganization, including whether any funds will likely be available to pay any allowed nonpriority unsecured claims, and, if so, how much.

DISCUSSION

A. <u>Whether filing a class proof of claim is prohibited in the Tenth Circuit</u>

After a careful review of Tenth Circuit case law on whether class actions are permissible in bankruptcy cases, the Court has determined that it is an open question in this jurisdiction. The Tenth Circuit decisions on the issue are not dispositive of the issue before the Court. The Tenth Circuit initially determined under the 1978 Bankruptcy Act that class proofs of claim are not permissible. *See Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 817 F.2d 625, 632 (10th Cir. 1987) ("*Standard Metals I*"), *vacated and rev'd on other grounds on rehearing,* 839 F.2d 1383 (10th Cir. 1987) ("We join those bankruptcy courts that have refused to allow class roofs of claim."). While acknowledging that neither the Bankruptcy Act nor the Bankruptcy Rules "expressly permit or expressly prohibit class proofs of claim," the Tenth Circuit reasoned in part that Bankruptcy Rule 3001(b)[2] requires the filing of a claim by the creditor or the creditor's authorized agent, and that, absent express authorization by all class

---

[2] All future references to "Rule" refer to the Federal Rules of Civil Procedure or the Federal Rules of Bankruptcy Procedure; those denominated in a single or double digit are Civil Rules, and those denominated in the thousands are Bankruptcy Rules.

-5-

members to an agent for filing of a proof of claim on their behalf, a class representative cannot file a class proof of claim. *Id.* at 631.[3] Instead, each individual creditor must file a claim.[4]

However, after rehearing *Standard Metals I,* the Tenth Circuit decided to base its appellate ruling on other grounds, and determined that it was unnecessary for it to consider the class proof of claim issue. *Sheftelman v. Standard Metals Corp. (In re Standard Metals Corp.),* 839 F.2d 1383, 1387 (10th Cir. 1987) ("*Standard Metals II*") ("In view of the disposition of this appeal **it is not necessary to consider the class action claims issue**.") (emphasis added). *Standard Metals I* is not, therefore, binding on this Court. *See Jones v. Amdura Corp. (In re Amdura Corp.),* 170 B.R. 445, 448 (D. Colo. 1994) (holding that "the ruling of the Tenth Circuit on the issue [of class proofs of claim] is not controlling law [in the Tenth Circuit]."); *In re The Charter Co.,* 876 F.2d 866, 869 n.4 (11th Cir. 1989) (suggesting that "the discussion of class proofs of claim in the [*Standard Metals I*] opinion may be dicta."); *Scoggin v. Adam Aircraft Indus., Inc. (In re Adam Aircraft Indus., Inc.),* 2009 WL 2100929, *3 (Bankr. D.Colo. Mar. 20, 2009) (observing that "the Tenth Circuit courts have not reached a definitive resolution or consensus as to the propriety of class proofs of claim.").

At the final hearing on the Motions, the UCC directed the Court to *Unioil v. H.E. Elledge (In re Unioil, Inc.),* 962 F.2d. 988 (10th Cir. 1992), another Tenth Circuit case decided after *Standard Metals I* addressing the claims filing process. In *Unioil,* the Tenth Circuit held that even though Rule 17 permits a trustee of a trust to sue in his own name, the trustee could not file a claim on behalf of the trust in his own name without identifying his representational capacity,

---

[3] *Standard Metals I* commented further: "Rule 3001(b) allows a creditor to decide to file a proof of claim and to instruct an agent to do so; it does not allow an 'agent' to decide to file a proof of claim and then inform a creditor after the fact." *Standard Metals I,* 817 F.2d at 631.

[4] *Id.* at 632 ("The requirement of individual filing . . . does not disappear when a large number of similar claims are involved . . . . Class action procedures can be employed in a bankruptcy proceeding only to consolidated claims that have already been properly filed.") (citation omitted).

-6-

notwithstanding Rule 17, because Rule 17 does not govern the procedures for filing proofs of claim. *Unioil,* 962 F.2d at 991-92. The Tenth Circuit explained that Rule 3001(a) and (b), not Rule 17, applies to claims filing requirements. *Id.* Under Rule 3001 and the official proof of claim form, the creditor or its authorized agent must execute the proof of claim, and both the person authorized to file the claim and the creditor-principal on whose behalf the claim is filed must be identified on the proof of claim. *Id*. at 992. *Unioil* cited *Standard Metals I* for the proposition that "while class action procedure is available in adversary proceedings under Bankr.R. 7023, lack of comparable provision in rules governing claims procedures precludes use of class proof of claim." *Unioil,* 962 F.2d at 991 (citing *Standard Metals I,* 817 F.2d at 631-32 and n.10). [5]

Neither *Standard Metals I* nor *Unioil* compel this Court to conclude that class proofs of claim are prohibited. In *Unioil*, the bankruptcy court had not made Rule 7017 applicable to the claims allowance process pursuant to Rule 9014. As a result, the Tenth Circuit did not address whether a bankruptcy court can make provisions of Part VII of the Bankruptcy Rules, including the class action provisions found in Bankruptcy Rule 7023 (that incorporates Rule 23), applicable to the claims allowance procedure through Bankruptcy Rule 9014. Further, as explained below, procedures can be established so that allowing a class proof of claim will be consistent with the requirements of Rule 3001(a) and (b). No such procedures had been established or addressed in *Standard Metals I* or in *Unioil*.

This Court agrees with the Fourth, Sixth, Seventh, Ninth and Eleventh Circuits who have all held that the bankruptcy court may authorize the filing of class proofs of claim. *See Gentry v. Siegel,* 668 F.3d 83, 90 (4th Cir. 2012) (concluding "that Rule 3001 should be construed to allow

---

[5] *Unioil* ultimately found that it was appropriate to allow the amendment to the proof of claim because amendment was consistent with the claims filing procedures contained in Rule 3001. *Unioil,* 962 F.2d at 992-993.

class proofs of claim, at least on a tentative basis, until the court rejects the class-action process"); *Reid v. White Motor Corp.,* 886 F.2d 1462, 1470 (6th Cir. 1989) (the Bankruptcy Code and Rules, read together, "clearly evinces the permissibility for filing a class proof of claim"); *In re American Reserve Corp.,* 840 F.2d 487, 493 (7th Cir. 1988) (it is within the judge's discretion to allow the filing of class proofs of claim in bankruptcy cases); *Birting Fisheries, Inc. v. Lane (In re Birting Fisheries, Inc.),* 92 F.3d 939, 939 (9th Cir. 1996) (per curiam) ("the bankruptcy code should be construed to allow class claims"); *Charter Co.,* 876 F.2d at 873 (concluding that "class proofs of claim are allowable in bankruptcy"). *See also In re Dynegy, Inc.,* 770 F.3d 1064, 1069 (2nd Cir. 2014) (acknowledging that the bankruptcy court may apply the class action procedure to contested matters under Bankruptcy Rule 9014). No Circuit Court has held to the contrary.

In concluding that class proofs of claim are permissible, these courts reason, in part, that the bankruptcy court has the discretion to apply the class action procedures of Rule 23, by making Bankruptcy Rule 7023 applicable to contested matters under Bankruptcy Rule 9014. *See, e.g., American Reserve,* 840 F.2d at 488 (observing that "Rule 9014 thus allows bankruptcy judges to apply Rule 7023-and thereby Fed.R.Civ.P. 23, the class action rule- to 'any stage' in contested matters. . . . So the right to file a proof of claim on behalf of a class seems secure, at least if the bankruptcy judge elects to incorporate Rule 23 via Rule 7023 via Rule 9014"); *Reid v. White Motor,* 886 F.2d at 1469-70 ("Rule 9014 authorizes bankruptcy judges, within their discretion, to invoke Rule 7023, and thereby Fed.R.Civ.P. 23, the class action rule, to 'any stage' in contested matters, including, class proofs of claims."). *See also, Charter Co.,* 876 F.2d at 873 (acknowledging that "under Bankruptcy Rule 9014, the bankruptcy judge may at his discretion

-8-

apply Bankruptcy Rule 7023, and by extension Rule 23, in a contested matter.") (citation omitted).

The unanimous view of the five circuits that have issued precedential decisions on the issue is supported by Rule 9014. Rule 9014 makes some but not all rules in Part VII rules automatically applicable to contested matters unless that court otherwise directs. Fed.R.Bankr.P. 9014(c). In addition, Rule 9014(c) provides: "The court may at any stage in a particular matter direct that one or more of the other rules in Part VII shall apply." Rule 7023 is one of the other rules in Part VII.

Section 501 of the Bankruptcy Code, governing proofs of claim or interests, allows individual creditors to file proofs of claim. *See* 11 U.S.C. § 501(a) ("A creditor . . . may file a proof of claim").[6] *See also Charter Co.,* 876 F.2d at 868 ("Normally, with one enumerated exception, proofs of claim are filed individually, usually by a creditor.") (citations omitted). Class proofs of claim do not run afoul of the requirements of § 501 because that that section does not preclude the filing of a claim by an agent. *American Reserve,* 840 F2d at 492 and 493 (stating that "[n]either the legislative history nor the structure of the 1978 Code suggests that the list in § 501 is exclusive" and finding further that "Section 501 does not interfere with filing by agents"). Class proofs of claim are also consistent with the procedural requirements of

---

[6] Section 501 provides, in full:
    (a) A creditor or an indenture trustee may file a proof of claim. An equity security holder may file a proof of interest.
    (b) If a creditor does not timely file a proof of such creditor's claim, an entity that is liable to such creditor with the debtor, or that has secured such creditor, may file a proof of such claim.
    (c) If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim.
    (d) A claim of a kind specified in section 502(e)(2), 502(f), 502(g), 502(h), or 502(i) of this title may be filed under subsection (a), (b), or (c) of this section the same as if such claim were a claim against the debtor and had arisen before the date of the filing of the petition.
    (e) A claim arising from the liability of a debtor for fuel use tax assessed consistent with the requirements of section 31705 of title 49 may be filed in by the base jurisdiction designated pursuant to the International Fuel Tax Agreement (as defined in section 31701 of title 49) and, if so filed, shall be allowed as a single claim.
11 U.S.C. § 501(a).

Bankruptcy Rule 3001, which expressly contemplates the filing of proofs of claim by "authorized agents." Fed. R. Bankr.P. 3001(b) ("A proof of claim shall be executed by the creditor or the creditor's authorized agent"). In a class action, where a class is certified under Rule 23, the representative of the class acts as an agent for the class in the assertion and prosecution of the class claims. *See American Reserve,* 840 F.2d at 493 (observing that a class action "is a device by which the representative is an agent for persons who have not appeared" and that "the representative is an agent only if the class is certified") (citations omitted). Likewise, the representative of a class certified under Rule 23 may act as the authorized agent of the class for purposes of filing a class claim in a bankruptcy case if the bankruptcy court permits the filing of a class proof of claim. *American Reserve,* 840 F.2d at 493 ("The representative in a class action is an agent for the missing.") (citation omitted). *See also Gentry v. Siegel,* 668 F3d at 91 (concluding "that creditors may file proofs of claims . . . as putative agents for members of a class who are similarly situated . . . . on a conditional basis.").[7]

The Court holds that class proofs of claim are permissible under the Bankruptcy Code and Bankruptcy Rules if the Court in the exercise of its reasonable discretion makes Rule 7023 applicable to the claims allowance procedure pursuant to Rule 9014 and establishes a procedure under which putative class members may authorize the class representative to file claims on their behalf.

> B. <u>Whether the Court should make Fed. R. Bankr.P. 7023 applicable to allow the filing of a class proof of claim</u>

Having determined that the Bankruptcy Code and Rules permit the Court to authorize the filing of a class proof of claim in appropriate cases, the Court must determine whether, in the

---

[7] *But see Kahler v. Firstplus Fin. Inc. (In re Firstplus Fin. Inc.),* 248 B.R. 60, 69 (Bankr. N.D.Tex. 2000) (criticizing the *American Reserve* approach as contrary to the requirements of Rule 3001(b), stating that allowing class proofs of claim absent express authorization constitutes a "'springing authorized agency'" whereby the Court attempts to "ratify the unauthorized filing [of a class proof of claim] by the putative class representative").

-10-

exercise of its reasonable discretion, it should make Bankruptcy Rule 7023 applicable to the claims allowance process in this bankruptcy case so as to authorize the filing of a class proof of claim.

After reviewing the relevant case law, the Court has concluded that the following factors are relevant to the Court's determination of whether to make Rule 7023 applicable to the claims allowance process in a particular case:

1) Whether a class has been certified in a class action lawsuit whose members are those on whose behalf a class claim would be filed, and, if not, whether the putative class representative has satisfied or potentially can satisfy the requirements of Rule 23 for certification of the class.[8] If a class cannot be certified under Rule 23, then making Rule 7023 applicable to the claims allowance process would be pointless as it could not result in a grant of authority to file a class claim.[9]

2) Whether the notice of the claims bar date to class members or putative class members provides them with a meaningful opportunity to assert their claims in the bankruptcy case absent the filing of a class claim,[10] and whether the public policy reasons favoring class action suits should be applied to the claims process in the bankruptcy case.[11] This factor includes an examination of the nature of the class action, including whether it is an opt-in or opt-out class.

3) The timing of the request to file a class proof of claim.[12]

---

[8] *See In re Sacred Heart Hospital of Norristown,* 177 B.R. 16, 22 (Bankr. E.D.Pa. 1995) (application of Rule 7023 to allow class proof of claim is best suited to pre-petition class certification by a nonbankrupty court); *In re Craft,* 321 B.R. 189 (Bankr. N.D.Tex. 2005) (finding that class proofs of claim are permissible when the class was certified prepetition). *See also Reid v. White Motor,* 886 F.2d at 1471 (putative class representative seeking to file a class proof of claim must be authorized to represent the class).
[9] *Cf. In re Computer Learning Centers, Inc.,* 344 B.R. 79, 86 (Bankr. E.D.Va. 2006) (expressing a two-step approach to the class proof of claim process: 1) determine whether Rule 7023 should be applied to the claims process; and 2) decide whether to certify the class under Rule 23, but that "[a] decision favorable to the class on one step is not sufficient" to allow the filing of a class proof of claim).
[10] *See Adam Aircraft,* 2009 WL 2100929 at *8 (suggesting that application of Rule 7023 to the claims process as a contested matter may be appropriate "'when notice of the case or bar date is inadequate or when unnamed class members are in large part 'unknown creditors.'") (quoting *Bailey v. Jamesway Corp. (In re Jamesway Corp),* 1997 WL 327105,*5 (Bankr.S.D.N.Y. June 12, 1997) (deciding whether to apply Rule 7023 to an adversary proceeding)).
[11] *See Charter,* 876 F.2d at 871 (applying Rule 23 to allow class proofs of claim is consistent with "the goal of permitting the prosecution of small claims which would not be economical to prosecute individually"); *In re Musicland Holding Corp.,* 362 B.R. 644, 651 (Bankr. S.D. N.Y. 2007) (proponent of class proof of claim "must . . . show that the benefits derived from the use of the class claim device are consistent with the goals of bankruptcy") (citing *In re Woodward & Lothrup Holdings, Inc.* 205 B.R. 365, 369 (Bankr. S.D.N.Y. 1997)); *Adam Aircraft,* 2009 WL 2100929 at * 9 (declining to apply 7023 to allow a class proof of claim where all potential class members had already been given notice of the claims bar date and had "already been afforded one bite at the claims apple").
[12] *See Reid v. White Motor,* 886 F.2d at 1471 (refusing to allow claimant to file class proof of claim where putative class representative "failed to timely petition the bankruptcy court to apply the provisions of Rule 9014 and 7023");

-11-

4) Whether potential jurisdictional issues serve as an impediment to filing a class proof of claim, such as subjecting class members to the jurisdiction of the bankruptcy court as to claims by the debtor against them.

5) The potential impact of the filing of a class proof of claim on the Debtor's reorganization prospects and the potential prejudice to other creditors and potential benefit to members of the class or putative class.[13]

The Court will address each of these factors in turn. Because the Court has ruled that it will certify the class in the Class Action Suit, if the Court makes Bankruptcy Rule 7023 applicable to the claims allowance process, the Court will also authorize Ms. Tullie to file a class proof of claim for those members of the class who authorize her to do so.

1. *Class Certification*

The Court has ruled that it will certify the class in the Class Action Suit. If the Court authorizes a class proof of claim, the filing of a class claim therefore will not result in thousands of individually litigated contested matters. The certified class is an opt-out class. As described below, a procedure could be put in place to ensure that Ms. Tullie has authority to file a claim on behalf of class members. This factor weighs in favor of applying Rule 7023 to the claims allowance process.

2. *Notice and the Nature of the Class Action*

The second factor involves whether the notice of the claims bar date to class members or putative class members provides them with a meaningful opportunity to assert their claims in the bankruptcy case absent the filing of a class claim and how public policy considerations impact the class claim issue. Quick Cash argues that traditional policies underlying class action

---

*Computer Learning,* 344 B.R. at 89 ("A Rule 7023 motion should be filed as soon as practicable and should be denied if it comes so late as to prejudice a party.").

[13] *See Musicland,* 361 B.R. at 656 (declining to apply Rule 7023 to authorize the filing of a class proof of claim where allowance of a class proof of claim would greatly delay the administration of the bankruptcy case); *Craft,* 321 B.R. at 199 (factors relevant to the court's decision to apply Rule 7023 "include . . . prejudice to the debtor or its other creditors, prejudice to putative class members, efficient estate administration, the conduct in the bankruptcy case of the putative class representatives, and the status of proceedings in other courts.").

litigation do not apply in bankruptcy cases. Those policies include concentrating a large number of claims in one forum to promote judicial economy and avoid inconsistent results. In bankruptcy cases, a large number of claims can be concentrated in the bankruptcy forum and decided by the same judge. While these arguments may be persuasive in some cases, particularly where there is an opt-in class or individual class claims are large, they are not compelling here. The second factor weighs in favor of allowing the filing of a class claim for two reasons.

First, despite notice to more than 4700 putative class members of the claims bar date,[14] not more than seven filed claims based on the claims alleged in the Class Action Suit by the originally set claims bar date. That is understandable, given the fact that the class claims are relatively small consumer claims of a type that normally would be held by unsophisticated individuals who may not understand that they even have a claim. The low number of filed claims suggests the claim did not have a meaningful opportunity to protect their interests by filing a claim.

Second, requiring all individual class members to file individual proofs of claim would effectively change the nature of the class from an "opt-out" class to an "opt-in" class.[15] Failure to file a claim in the bankruptcy case would bar the claim, effectively excluding the claimant from the class. Excluding members from the class unless they file an individual proof of claim would be inconsistent with the polices underlying opt-out classes. There are potentially a large

---

[14] Ms. Tullie has alleged that there are over 4,700 potential class members in the Class Action Suit, which the Quick Cash does not dispute. See Adversary Proceeding No. 15-1063 J - Docket No. 1- 5.

[15] This Court has certified a class in the Class Action Suit under Rule 23(a) and 23(b)(3). *See* Adversary Proceeding No. 15-1063 Docket No. 17. The class is an opt-out class, meaning that all putative class members will be members of the class unless they opt out of the class. See Rule 23(c)(2)(B) (under Rule 23(c)(2)(B), the notice to members of a class certified under Rule 23(b) must, among other things, inform the class member "that the court will exclude from the class any member who requests exclusion."). *See* Rule 23(c)(2)(B)(v). Thus, a member of a class certified under Rule 23(b)(3) will automatically be included within the class unless the class member "opts out" of the class. *Id*. *See also In re Integra Realty Res., Inc.* 354 F.3d 1246, 1263 (10th Cir. 2004) (acknowledging that Rule 23(b)(3) "allows class members to opt out of the class").

-13-

Case 15-11800-j11   Doc 75   Filed 11/10/15   Entered 11/10/15 16:47:41 Page 13 of 20

number of creditors who may be unaware that they have potential claims against Quick Cash as part of the Class Action Suit. Allowing a class proof of claim would promote the class action "goal of permitting the prosecution of small claims which would not be economical to prosecute individually." *Charter Co.,* 876 F.2d at 871. Not allowing the filing of a class proof of claim could lead to class decertification if substantially all the claims of class members are time barred in the bankruptcy case.

The Court previously determined that the Claims Bar Date Notice provided inadequate notice to the putative class members of the general claims bar date.[16] An additional claims bar date notice to putative class members can require members who do not wish to authorize Ms. Tullie to file a class proof of claim on their behalf to file a notice withholding their consent or to file an individual claim and thereby exclude themselves from a class claim. Creditors can be apprised that the failure to file the notice or an individual proof of claim would constitute a grant of authority for Ms. Tullie to file a claim on their behalf.

SFI objects to Quick Cash using cash collateral to send additional notice of an extended claims bar date to putative class members and others. But, by obtaining a general claims bar date using the *ex parte* procedure available in this district under circumstances in which fixing a claims bar date is a routine matter, without informing the Court of the existence the Class Action Suit and the potential class action claims, Quick Cash took the risk that the Court might find that special noticing procedures may be required. If Quick Cash wishes for the Court to establish a claims bar date, it must bear the cost of giving appropriate notice.[17]

---

[16] *See* Scheduling Order Resulting from Preliminary Hearing on Emergency Motion to Enforce Settlement Agreement and Request for Hearing – Docket No. 52 (finding "that meaningful notice was not given to the putative class members . . . . [and] that the Bar Date Notice was inadequate to provide reasonable notice to creditors.") (citing *Rowe Int'l, Inc. v. Herd (In re Herd),* 840 F.2d 757, 759 (10th Cir. 1988)).

[17] Of course, any notice to putative class action members required pursuant to Rule 7023 in the Class Action Suit will be borne by the plaintiffs in that adversary proceeding.

3.  *Timing of the Request*

The third factor, the timing of the request to file a class proof of claim, weighs in favor of allowing a class claim. Rule 9014 contains no time limitation for requesting the Court to apply Rule 7023 to a contested matter. *See* Fed.R.Bankr.P. 9014(c) ("the Court may at any stage in a particular matter direct that one or more of the other rules I Part VII shall apply."); *Computer Learning,* 344 B.R. at 89 ("Rule 9014 establishes no deadline for filing a Rule 7023 motion."). Although generally it takes an objection to a claim to initiate a contested matter,[18] a putative class representative seeking to file a class proof of claim may request the Court to apply Rule 7023 before filing a proof of claim. *See Musicland,* 362 B.R. at 651 (acknowledging that courts have taken a more practical approach in allowing a class representative to "move at any time for a declaration that it may file a class proof of claim") (citations omitted); *Computer Learning,* 344 B.R. at 88 (reasoning that "the issue in controversy is whether the proof of claim may be filed as a class proof of claim in the first instance. This is the contested matter. It is resolved by filing a Rule 7023 motion which itself commences the contested matter.").[19]

The Court finds that the UCC and the CCC filed their Motions in sufficient time for the Court to address their request to permit the filing of a class claim, without undue interference with the bankruptcy proceeding or the claims allowance process. The UCC and the CCC acted promptly. The Court extended the original September 23, 2015 claims bar date to December 23, 2015, before it otherwise would have expired, and can extend it further if a further extension is

---

[18] *See* 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."); *In re Trans World Airlines, Inc.,* 280 B.R. 806, 807 (D. Del. 2002) ("if a proof of claim is objected to, the claim will be a contested matter between the debtor and claimant"); *Musicland,* 362 B.R. at 651 ("[T]he filing of a proof of claim does not trigger a contested matter. Instead the objection to the claim commences the contested matter.") (citing *Woodward & Lothrup,* 205 B.R. at 369-70).

[19] *See also Ephedra Products Liability Litigation,* 329 B.R. 1, 6 (S.D.N.Y. 2005) (requiring an objection to claim before making a request to apply Rule 23 "would mean that a debtor and others with interests adverse to a class claim could prevent the claimant from asking the court to apply Rule 23 simply by withholding their objections until the eve of confirmation and then move to expunge the class claim on the grounds that applying Rule 23 would unduly delay distribution.").

appropriate. Following the hearing on the CCC's motion to extend claims bar date and on Ms. Tullie's Motion to Enforce Settlement Agreement,[20] the Court issued a Scheduling Order fixing a deadline of October 9, 2015 for any party in interest to file a motion requesting the Court to allow the filing of class proofs of claim.[21] The UCC and the CCC filed their Motions by the October 9, 2015 deadline, about three months after commencement of the bankruptcy case. Quick Cash has not yet filed a proposed plan of reorganization.

In addition, although the absence of pre-petition class certification in some instances could weigh against allowing the filing of a class proof of claim, that is not so here. At the time this bankruptcy case was commenced, the issue of class certification in the Class Action Suit was ripe for a decision. The tentative settlement between the parties, and subsequent litigation over its enforceability before this Court, delayed class certification. Nevertheless, about four months after commencement of the bankruptcy case and prior to expiration of the claims bar date, this Court ruled that it will certify the class. These circumstances support the Court's determination that the timeliness factor weighs in favor of allowing the filing of a class proof of claim.

    4. *Jurisdictional Constraints*

SFI and Quick Cash assert that filing a class proof of claim raises jurisdictional concerns. Quick Cash's portfolio of consumer loans appears to be its primary asset. SFI points out that many if not most of the putative class members likely are borrowers who owe money to Quick Cash. SFI and Quick Cash assert that the Court should not authorize a class proof of claim because doing so will subject the members of the class to the jurisdiction of this Court. SFI asserts further that by subjecting the class members to the jurisdiction of this Court, many could

---

[20] The Motion to Enforce Settlement Agreement and the CCC's motion to extend the claims bar date each included a request for the Court to apply Fed.R.Bankr.P. 7023 to the claims administration process.
[21] *See* Scheduling Order Resulting from Preliminary Hearing on Emergency Motion to Enforce Settlement Agreement and Request for Hearing – Docket No. 52.

lose defenses to claims against them by Quick Cash or be deprived of a favorable forum in Tribal Court.

Filing a proof of claim subjects the creditor to the jurisdiction of the Bankruptcy Court to determine the claim. *See Langenkamp v. Culp,* 498 U.S. 42, 44, 111 S.Ct. 330, 112 L.Ed.2d 343 (1990) ("by filing a claim against a bankruptcy estate the creditor triggers the process of 'allowance and disallowance of claims,' thereby subjecting himself to the bankruptcy court's equitable power.") (quoting *Granfinanciera v. Nordberg,* 492 U.S. 33, 58, 109 S.Ct. 2782, 106 L.Ed.2d 26 (1989)). However, the filing of a proof of claim does not constitute consent by the creditor to the jurisdiction of the bankruptcy court to adjudicate state law counterclaims asserted by the debtor against the creditor, unless the counterclaim would necessarily be resolved in the clams allowance process. *See Stern v. Marshall,* __ U.S. __, 131 S.Ct. 2594, 180 L.Ed.2d 475 (2011) (holding that Article III of the Constitution prevents the bankruptcy court from issuing a final judgment on a debtor's state law counterclaims against a creditor who files a claim against the estate, absent consent by the creditor, unless adjudication of the claim against the estate necessarily resolves the counterclaim). It does not appear that adjudication of Ms. Tullie's class claims would, in general, necessarily resolve a claim by the estate against a claimant for breach of a loan agreement.

Any potential jurisdictional impact on class members by authorizing the filing of a class claim can be eliminated or diminished in two ways. First, all putative class claim members will be given an opportunity to opt out of the class on whose behalf the class representative files a class claim, and will receive a notice explaining the consequences of not opting out. Second, the Court could abstain, where appropriate, from hearing claims by the Quick Cash against members of the class who otherwise could have the claims heard in Tribal Court.

-17-

5. *Impact on Reorganization Prospects and the Benefit or Prejudice to Creditors*

The fifth factor for the Court to consider is the potential impact of the filing of a class proof of claim on the Quick Cash's prospect of successfully reorganizing and the potential benefit to members of the class or putative class and the potential prejudice to other creditors. The Court has insufficient information to assess whether the class claimants would actually receive a distribution on their claims if the claims were allowed, or, if so, in what amount. The Court also has insufficient information to assess the impact of allowing class claims on the recovery by other creditors on their claims or on the long term ability of Quick Cash to continue to operate.

In addition, the CCC has identified several other potential classes of consumer claimants, including consumers holding claims based alleged unlawful repossessions, "loan splitting and multiple refinancing issues," and unlawful withholding of important original documents, such as social security cards and vehicle titles. *See* Docket No. 55. None of these claims have been asserted in a class action lawsuit. Before the Court can assess the impact of authorizing Ms. Tullie to file a class proof of claim, the Court must know whether other class claims will be filed.

The Court requires evidence to assess the fifth factor. Accordingly, the Court will set an evidentiary hearing on the Tullie Motion. The type of evidence that may be relevant to the fifth factor includes, for example, evidence regarding Quick Cash's historical profitability, the reasons that Quick Cash commenced its Chapter 11 case, the amount of Quick Cash's liabilities and the value of its assets, Quick Cash's projected future profitably, and whether authorization of a class claim will affect Quick Cash's ability to use cash collateral.

WHEREFORE, IT IS HEREBY ORDERED:

1. The Motions are GRANTED, to the extent they seek a determination that class proofs of claim are permissible in bankruptcy.

-18-

.
2. The first four factors the Court considers to determine whether to apply Rule 7023 to allow the filing of a class proof of claim in this case weigh in favor of allowing Ms. Tullie to file a class proof of claim. The fifth factor requires the Court to assess the impact of allowing a class proof of claim on the reorganization prospects and the benefit or detriment to other creditors. Further evidence on this factor is required before the Court can rule on the pending Motions.

3. A status conference on the Motions will be held on **November 12, 2015 at 9:00 a.m.** in the Sandia Courtroom, thirteenth floor, Dennis Chavez Federal Building and United States Courthouse, 500 Gold Ave. SW, Albuquerque, New Mexico to schedule a continued final, evidentiary hearing on the Motions and to address any other issues related to the pending Motions.

*/s/ Robert H. Jacobvitz*
ROBERT H. JACOBVITZ
United States Bankruptcy Judge

Date entered on docket: November 10, 2015

COPY TO:

Daniel J Behles
Moore, Berkson, Bassan & Behles P.C.
Attorney for Debtor
3800 Osuna Rd NE, STE #2
Albuquerque, NM 87109

Richard N Feferman
Attorney for Carolyn Tullie
300 Central Ave SW Ste 2000 W
Albuquerque, NM 87102-3298

James A Askew
Daniel Andrew White
Askew & Mazel, LLC
Attorney for Consumer Claimant's Committee
320 Gold Ave S.W. ,Suite 300A
Albuquerque, NM 87102

Paul M Fish
Attorney for Superior Fabrication
PO Box 2168
Albuquerque, NM 87103-2168

George D. Giddens, Jr.
Christopher M Gatton
Law Office of George Dave Giddens, PC
Attorneys for Unsecured Creditors' Committee
10400 Academy Rd., #350
Albuquerque, NM 87111