UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW MEXICO

In re:

QUICK CASH, INC., *A NEW MEXICO CORPORATION*   Case No. 7-15-11800-JA
*dba* Cash Cow Loan Company
*dba* Cash Cow Furniture
*dba* Cash Cow Tires & Service

Debtor.

## DEFAULT ORDER GRANTING FIRSTLEASE, INC. RELIEF FROM AUTOMATIC STAY AND ABANDONMENT OF PROPERTY TO FIRSTLEASE, INC.

This matter came before the Court on the Motion for Relief from Automatic Stay for the Abandonment of Property to Firstlease, INC., filed on September 13, 2017, (DOC 321) (the "Motion") by Firstlease, INC. ("Firstlease"). The Court, having reviewed the record and the Motion, and being otherwise sufficiently informed, FINDS:

(a)   On September 13, 2017, Firstlease served the Motion and a notice of the Motion (the "Notice") on Yvette J. Gonzales, Trustee (the "Trustee") by use of the Court's case management and electronic filing system for the transmission of notices, as authorized by Fed.R.Civ.P. 5(b)(3) and NM LBR 9036-1, and on the Debtor, by United States first class mail, in accordance with Bankruptcy Rules 7004 and 9014.

(b) The Motion relates to the property located at 1310 Metro Avenue Gallup, New Mexico 87301, more fully described as:

> (1) WA474-CM Alligner with New Premium Compact Cabinet & 27" Widescreen LCD and HawkEye Elite Cameras cabinet-mounted to Mobile counsole
>
> (1) 20-2621-1 Medium Heavy Duty Truck Spacer Kit
>
> (1) 20-2639-1 Adjustable Tire Hook Kit

including any improvements, fixtures, and attachments, such as, but not limited to, mobile homes (the "Property"). If there is a conflict between the legal description and the street address, the legal description shall control.

(c) The Notice provided for an objection deadline of 21 days from the date of service of the Notice, to which three days was added pursuant to Bankruptcy Rule 9006(f);

(d) The Notice was sufficient in form and content;

(e) The objection deadline expired on October 10, 2017;

(f) As of October 23, 2017, neither the Debtor nor the Trustee, nor any other party in interest, filed an objection to the Motion;

(g) The Motion is well taken and should be granted as provided herein.

IT IS THEREFORE ORDERED:

1. Pursuant to 11 U.S.C. §362(d), Firstlease and any and all holders of liens against the Property, of any lien priority, are hereby are granted relief from the automatic stay:

(a) To enforce its rights in the Property, including foreclosure of liens and a foreclosure sale, under the terms of any prepetition notes, mortgages, security agreements, and/or other agreements to which Debtor is a party, to the extent permitted by applicable non-bankruptcy law, such as by commencing or proceeding with appropriate action against the Debtor or the Property, or both, in any court of competent jurisdiction; and

(b) To exercise any other right or remedy available to it under law or equity with respect to the Property.

2. The Trustee is deemed to have abandoned the Property from the estate pursuant to 11 U.S.C. §554 as of the date of entry of this Order, and the Property therefore no longer is property of the estate. As a result, Firstlease need not name the Trustee as a defendant in any state court action it may pursue to foreclosure liens against the Property and need not notify the Trustee of any sale of the Property.

3. The automatic stay is not modified to permit any act to collect any deficiency or other obligation as a personal liability of the Debtor, in the event that a discharge order is entered. The Debtor can be named as a defendant in litigation to obtain judgment or to repossess the Property in accordance with applicable non-bankruptcy law, pursuant to any discharge order entered.

4. This Order does not waive Firstlease's claim against the estate for any deficiency owed by the Debtor after any foreclosure sale or other disposition of the Property. Firstlease may filed an amended proof of claim this bankruptcy case within thirty (30) days after a foreclosure sale of the Property, should it claim that Debtor owe any amount after the sale of the Property.

5. This Order shall continue in full force and effect if this case is dismissed or converted to a case under another chapter of the Bankruptcy Code.

6. This order is effective and enforceable upon entry. The 14-day stay requirement of Fed.R.Bankr.P. 4001(a)(3) is waived.

7. Firstlease is further granted relief from the stay to engage in loan modification discussions or negotiations or other settlement discussions with the Debtor and to enter into a loan modification with the Debtor.

XXX END OF ORDER XXX

RESPECTFULLY SUBMITTED:

ROSE L. BRAND & ASSOCIATES, P.C.

By: /s/Andrew P. Yarrington
ANDREW YARRINGTON
Attorney for Firstlease
7430 Washington NE
Albuquerque, NM 87109
Telephone: (505) 833-3036
Andrew.Yarrington@roselbrand.com

Copied to:

Quick Cash, Inc., *a New Mexico corporation*
1310 Metro Avenue
Gallup, NM 87301

Yvette J. Gonzales
Chapter 7 Trustee
PO Box 1037
Placitas, NM 87043-1037
Telephone: (505) 771-0700
yjgllc@yahoo.com